UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:16-cr-40073-SLD |
| EXCEL CARL HARRISON, | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Excel Carl Harrison's pro se motion for compassionate release, ECF No. 37, and counseled Amended Motion for Compassionate Release, ECF No. 41. For the reasons that follow, the motions are DENIED.

BACKGROUND

On November 30, 2017, Defendant was sentenced to 121 months of imprisonment for distribution of at least 50 grams of actual methamphetamine. Judgment 1–2, ECF No. 32. He is currently serving his sentence at United States Penitentiary ("USP") Lompoc in Lompoc, California and is scheduled to be released on July 11, 2025. *See Find an inmate*, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for "Excel" with "Carl" with "Harrison") (last visited May 20, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed the Federal Public Defender to represent Defendant with respect to this motion. *See* Dec. 29, 2020 Text Order. An amended motion was filed by counsel on January 26, 2021. The United States opposes Defendant's request for compassionate release. Resp., ECF No. 42. Pursuant to the Court's direction, *see* Feb. 12, 2021 Text Order, Defendant filed a reply on February 26, 2021, Reply, ECF No. 43.

**DISCUSSION**

I.    **Legal Standard**

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "The movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, --- F.3d ---, No. 20-2893, 2021 WL 1747898, at *2 (7th Cir. May 4, 2021).

II.    **Analysis**

Defendant argues that he has established extraordinary and compelling reasons for release because his "advanced age and medical issues place him within the high-risk groups identified by the [Centers for Disease Control and Prevention ("CDC")] for susceptibility of serious complications, and even death, from contracting COVID-19, and because he cannot adequately safeguard himself from contracting the virus while incarcerated at Lompoc FCI."[1] Am. Mot. Compassionate Release 3. He also argues that "the Court should conclude that the time [he] has already served is sufficient to satisfy the purposes of sentencing." *Id.* at 7. The

---

[1] The BOP website indicates that Defendant is incarcerated at USP Lompoc, not Federal Correctional Institution ("FCI") Lompoc as Defendant suggests.

United States argues that the Court should deny Defendant's request for compassionate release because he has already received two doses of the Pfizer COVID-19 vaccine and "his requested sentence reduction is not warranted under the applicable Section 3553(a) factors." *See* Resp. 1, 3.[2]

The compassionate release statute directs the Court to determine: 1) whether extraordinary and compelling reasons warrant a sentence reduction; 2) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission"; and 3) whether a reduction would be consistent with the factors listed in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The Seventh Circuit, however, recently held that there is no applicable policy statement with which a sentence reduction must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

The parties dispute whether Defendant has set forth extraordinary and compelling reasons for release. *Compare* Am. Mot. Compassionate Release 3, *with* Resp. 17. The United States contends that Defendant's argument for release "is eviscerated by the fact that [he] is fully vaccinated against COVID-19." *See* Resp. 17.[3] Defendant argues that "[t]he vaccination is not [a] silver bullet of immunity for every person to whom it is

---

[2] The United States concedes that Defendant has met the exhaustion requirement. Resp. 15 n.3. The Court therefore need not address it. *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

[3] The United States faults Defendant for failing to mention his vaccination in his Amended Motion for Compassionate Release, which was filed on January 26, 2021. *See, e.g.*, Resp. 19 ("Although his first vaccine dose was administered on December 30, 2020, and his second/final vaccine dose administered on January 20, 2021, Harrison makes no mention of his immunizations."). But counsel for Defendant explains that she had only a brief conversation with Defendant and additionally had discussions with Defendant's sister and his trial counsel and read the memorandum filed by the United States Probation Office, Mem., ECF No. 39, none of which indicated that Defendant had received even the first dose of the vaccine, before filing the Amended Motion for Compassionate Release. *See* Reply 2–3. She explains that Defendant "never made any attempt to conceal the fact that he had been vaccinated." *Id.* at 3.

administered." Reply 4.  He argues that "[i]t is simply not known how effective the vaccine will be in preventing [him] from contracting COVID or from experiencing severe illness or death from the virus due to his individual risk factors, and . . . it is not generally known what the real world effectiveness of these vaccines will be." *Id.* at 5.

This Court has found extraordinary and compelling circumstances exist due to COVID-19 when an individual is at risk for severe illness.  *Compare United States v. Smith*, Case No. 2:17-cr-20056-SLD-EIL, 2021 WL 262553, at *2 (C.D. Ill. Jan. 26, 2021).  The CDC states that "[s]tudies show that COVID-19 vaccines are effective at keeping [individuals] from getting COVID-19" and that "[g]etting a COVID-19 vaccine will also help keep [an individual] from getting seriously ill even if [he] do[es] get COVID-19."  *Key Things to Know About COVID-19 Vaccines*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html (last updated May 12, 2021); *COVID-19 Vaccines Work*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last updated May 10, 2021) ("Vaccines currently approved for use in the United States are effective at preventing COVID-19." (emphasis omitted)); *id.* ("Research provides growing evidence that Pfizer-BioNTech and Moderna mRNA COVID-19 vaccines offer similar protection in real-world conditions as in clinical trial settings.").  Defendant argues there is not sufficient evidence to know whether the vaccine will protect him, particularly in light of his underlying conditions.  *See, e.g.*, Reply 9–10.  But it is his burden to demonstrate extraordinary and compelling circumstances.  *See Newton*, 2021 WL 1747898, at *2.  The information available to the Court suggests that being fully vaccinated significantly reduces an individual's risk of getting seriously ill from COVID-

19. Moreover, the BOP reports that there are currently no confirmed cases of COVID-19 at USP Lompoc. *See COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (scroll to "COVID-19 Cases" and click on "Full breakdown and additional details") (last visited May 20, 2021).

In light of his vaccination and the low numbers of cases at USP Lompoc currently, the Court finds that Defendant has not shown extraordinary and compelling reasons for release exist based on the COVID-19 pandemic.[4] Many courts have come to similar conclusions. *See United States v. Singh*, --- F. Supp. 3d ---- No. 4:15-CR-0028-11, 2021 WL 928740, at *2 (M.D. Pa. Mar. 11, 2021) ("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions [that increase his risk for serious illness from COVID-19], no longer presents an extraordinary and compelling reason to grant compassionate release."); *see also United States v. Schoonover*, Case Nos. 1:01-cr-156-JMS-TAB-01, 1:02-cr-14-JMS-MJD-02, 2021 WL 1814990, at *4 (S.D. Ind. May 6, 2021) ("Although no vaccine is perfect, the CDC has recognized that [the COVID-19] vaccines . . . are effective . . . . In these circumstances, the Court declines to exercise its discretion to find that the risk Mr. Schoonover faces from the COVID-pandemic represents an extraordinary and compelling reason warranting a sentence reduction." (citations omitted)); *United States v. Miller*, Case No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021) ("The court is aware of no scientifically

---

[4] Moreover, the BOP reports that 1,178 inmates at the Lompoc correctional complex—which includes USP Lompoc and FCI Lompoc—have been fully vaccinated. *See COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/ (scroll to "COVID-19 Vaccine Implementation" and click on "Learn more about vaccinations and view individual facility stats") (last visited May 20, 2021). This is over half of the inmates at the complex. *See USP Lompoc*, BOP, https://www.bop.gov/locations/institutions/lom/ (last visited May 20, 2021) (1,091 total inmates); *FCI Lompoc*, BOP, https://www.bop.gov/locations/institutions/lof/ (last visited May 20, 2021) (800 total inmates).

derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen. . . . The risk of COVID-19 to Defendant's health does not warrant the extraordinary remedy of compassionate release." (citation omitted)); *United States v. Williams*, Criminal No. 16-251, 2021 WL 1087692, at *3–4 (D. Minn. Mar. 22, 2021) ("[T]he Court finds that any risk that Williams will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus. . . . The Court recognizes Williams's concern that the vaccine's efficacy against new variants of COVID-19 is unknown; however, the Court finds this fear entirely speculative . . . ." (citations omitted)); *United States v. Cortez*, No. CR-18-00858-01-PHX-SPL, 2021 WL 689923, at *1 (D. Ariz. Feb. 23, 2021) ("The Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19 presents 'extraordinary and compelling reasons' to justify his release pursuant to 18 U.S.C. § 3582(c)(1)(A)." (citations omitted)); *United States v. Grummer*, --- F. Supp. 3d ----, Case No.:08-CR-4402-DMS, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) ("Although Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19. Other courts to address the issue have reached similar conclusions." (citing additional Ninth Circuit district court cases)).

      The Court finds that Defendant has failed to establish extraordinary and compelling reasons for release and therefore denies his motion for compassionate release.[5]

---

[5] Even if the Court found that Defendant had established extraordinary and compelling reasons for release, it would deny his motion after consideration of the factors listed in 18 U.S.C. § 3553(a). Defendant distributed over a kilogram of actual methamphetamine. *See* Second Revised Presentence Investigation Report ¶¶ 8–16, ECF No. 29. He has a lengthy criminal history. *Id.* ¶¶ 35–51. He has prior convictions for: possession of a controlled substance,

## CONCLUSION

Accordingly, Defendant Excel Carl Harrison's pro se motion for compassionate release, ECF No. 37, and Amended Motion for Compassionate Release, ECF No. 41, are DENIED.

Entered this 20th day of May, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE

---

*id.* ¶¶ 41, 43, 49; use of or being under the influence of a controlled substance, *id.* ¶ 42; possession of methamphetamine for sale, *id.* ¶¶ 47, 51; and transport of methamphetamine, *id.* ¶ 48. And he has served just under four and a half years of his over ten-year sentence. *See id.* at 1 (indicating he has been detained since December 8, 2016). He is not scheduled to be released for another four years. *See Find an Inmate*, *supra*. To release Defendant now would undermine the need to promote respect for the law and the need to provide for adequate deterrence. *See* 18 U.S.C. § 3553(a)(2)(A)–(B).